**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

v.                                                                    **CRIMINAL ACTION NO. 5:07CR-22-R-6**

**OLLIE PEEK**                                                                    **DEFENDANT**

**MEMORANDUM AND ORDER**

Defendant Ollie Peek filed a *pro se* motion for this Court to order his placement in the Residential Drug Abuse Program (RDAP) (DN 287). The United States filed a response (DN 290). Peek did not reply. This matter is ripe for consideration.

**I.**

In the Judgment and Commitment entered July 17, 2008, the Court made the following recommendations to the Federal Bureau of Prisons (BOP): "That a facility be designated wherein the Defendant may be placed in a comprehensive drug treatment program, and be placed in a facility that is near his family" (DN 208). In his motion for order, Peek contends that the BOP refused to acknowledge this Court's recommendation to allow him to participate in the rehabilitation process. Peek, therefore, asks the Court to amend its recommendation and issue an order directing the BOP to place him in the RDAP "with eligibility to receive up to a year reduction at completion of the program."[1]

---

[1] "The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs." *Fanning v. Patton*, No. 07-CV-98-HRW, 2007 WL 2979927, at *1 (E.D. Ky. Oct. 11, 2007). "The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program." *Id.* (citing 18 U.S.C. § 3621(e)(2)(B)).

In response, the United States argues that the Court lacks authority to issue such an order, that Peek has not exhausted his administrative remedies within the BOP, and that any such request for relief must be made by way of a 28 U.S.C. § 2241 petition for writ of habeas corpus in the district court with jurisdiction over Peek's custodian.

## II.

Although a district court may recommend that a defendant participate in drug rehabilitation treatment while incarcerated, "it [is] beyond the District Court's authority to order defendant's participation in a drug treatment program while incarcerated." *United States v. Jackson*, 70 F.3d 874, 878 (6th Cir. 1995); *Tapia v. United States*, -- F.3d --, 131 S. Ct. 2382, 2391 (2011) ("[T]he court's recommendations were only recommendations—and in the end they had no effect. . . . The sentencing court may have had plans for Tapia's rehabilitation, but it lacked the power to implement them."). Instead, "it is solely within the authority of the [BOP] to select those prisoners who will be best served by participation in [drug rehabilitation] programs." *United States v. Jackson*, 70 F.3d at 877. "Congress authorized the [BOP] to provide substance abuse treatment for those prisoners who, according to its determination, have a treatable condition of substance addiction or abuse." *Id.* (citing 18 U.S.C. § 3621(b), which provides that the BOP "shall make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse"). Thus, the Court is without authority to order Peek's participation in the drug rehabilitation program.

To the extent that Peek may be seeking to challenge the manner in which his sentence is being executed, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Such a petition shall be filed in the court having jurisdiction over the prisoner's custodian.

*Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."). As Peek is incarcerated at the Federal Prison Camp in Forrest City, Arkansas, this Court is without jurisdiction to consider any § 2241 habeas petition.

Accordingly, **IT IS ORDERED** that the motion for this Court to order Peek's placement in the RDAP (DN 287) is **DENIED**.

Date:


cc: Defendant, *pro se*
 United States Attorney
4413.005